# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF LOUISIANA

**LIBERTY INSURANCE UNDERWRITERS, INC.**                                          **PLAINTIFF**

v.                                          **CIVIL ACTION NO. 2:18-CV-8612-KS-CW**

**GUSTAVE J. LABARRE, JR.,** *et al.*                                              **DEFENDANTS**

## MEMORANDUM OPINION AND ORDER

For the reasons provided below, the Court **grants** Defendants' Motion to Dismiss [17] pursuant to Rules 12(b)(7) and 19(b). Plaintiffs' claims are dismissed without prejudice. This case is closed.

### A. Background

This case arises from a settlement agreement reached in a complex tort case in Louisiana state court. In 2012, a sinkhole damaged property owned by Defendants, who then filed suit against numerous parties in state court, including Texas Brine Company, LLC. Defendants alleged that an affiliate of Texas Brine was partially responsible for the sinkhole. Plaintiff provided excess liability coverage for Texas Brine's affiliate from March 1, 2012, to March 1, 2013.

In 2017, Defendants entered into a Settlement Agreement with Plaintiff, releasing it from any obligation to them under the 2012-2013 Texas Brine insurance policy. Defendants also entered into a Tripartite Agreement with Plaintiff and Texas Brine, in which Defendants assigned certain claims to Plaintiff and agreed to pay

Plaintiff a portion of any sums received in satisfaction of certain claims. Plaintiff and Texas Brine were dismissed from the state-court case pursuant to the settlement.

Plaintiff later filed this lawsuit, claiming that Defendants were attempting to settle their claims against Texas Brine's other insurers without remitting payment to Plaintiff as required by the Tripartite Agreement. Specifically, Defendants sought to amend their state-court petition to seek a declaratory judgment that they are not liable for any payment to Plaintiff under the Tripartite Agreement. Plaintiff asserted a breach of contract claim, alleging that Defendants and their counsel breached the confidentiality provisions of the Settlement Agreement and Tripartite Agreement. Plaintiff also seeks a declaratory judgment in its favor regarding payment under the Tripartite Agreement. Alternatively, Plaintiff seeks reformation of the Tripartite Agreement and rescission of the Settlement Agreement.

Of course, Defendants disagree with Plaintiff's interpretation of the Tripartite Agreement. They contend that the scope of claims assigned to Plaintiff was more limited. Defendants filed a Motion for Abstention and to Dismiss [17], which the Court now addresses.

## B.  *Abstention Standard of Review*

Defendants argue that the Court should abstain from exercising jurisdiction over this case because of the parallel state-court proceeding. The Court applies one of two tests when deciding whether to abstain from hearing a case because of an ongoing parallel proceeding in state court. *New England Ins. Co. v. Barnett*, 561 F.3d 392, 394

(5th Cir. 2009). First, "[w]hen a district court is considering abstaining from exercising jurisdiction over a declaratory judgment action, it must apply the standard derived from *Brillhart v. Excess Ins. Co. of Am.*, 316 U.S. 491, 62 S. Ct. 1173, 86 L. Ed. 1620 (1942)." *Id.* "However, when an action involves coercive relief, the district court must apply the abstention standard set forth in *Colorado River Water Conservation District v. United States*, 424 U.S. 800, 817, 96 S. Ct. 1236, 47 L. Ed. 2d 483 (1976)." *Id.* at 394-95. The *Brillhart* standard "affords a district court broad discretion," *id.* at 394, but under *Colorado River*, "the district court's discretion to dismiss is 'narrowly circumscribed' . . . ." *Id.* at 395.

The Court applies *Colorado River* "whenever an action includes both declaratory and non-frivolous coercive claims for relief." *Id.* Therefore, "[w]hen an action contains *any* claim for coercive relief, the *Colorado River* abstention doctrine is ordinarily applicable." *Id.* The "only two exceptions to application of the *Colorado River* standard" are "if the claims for coercive relief are frivolous or if the claims for coercive relief were added as a means of defeating *Brillhart*." *Id.* at 395-96.

Defendants argue that the *Brillhart* standard applies because Plaintiff's claims for coercive relief are frivolous and were made to circumvent *Brillhart*. However, at least one claim for coercive relief – Plaintiff's breach of contract claim – is not frivolous.

First, the Tripartite Agreement provides: "This agreement is strictly confidential." Exhibit B to Response at 3-4, *Liberty Ins. Underwriters Inc. v. Labarre*,

3

No. 2:18-CV-8612-KS-CW (E.D. La. Apr. 12, 2019), ECF No. 117-2. Next, the Settlement Agreement provides:

> This Settlement is strictly confidential, provided, however, that LIUI shall be entitled to share this Agreement with its reinsurers. In the event needed to prove exhaustion of the 2012 Policy, LIUI shall be entitled to disclose Paragraph 2, but shall require the parties to whom Paragraph 2 is disclosed to maintain confidentiality of Paragraph 2.

Exhibit A to Motion for Partial Summary Judgment at 6, *Liberty Ins. Underwriters Inc. v. Labarre*, No. 2:18-CV-8612-KS-CW (E.D. La. May 1, 2019), ECF No. 119-2.

In Count One, Plaintiff alleges that Defendants violated these provisions by publicly disclosing the existence and certain terms of each contract on the public docket in the underlying state-court case. Indeed, in Defendants' proposed Thirteenth Supplemental and Amending Petition filed on the public docket in the underlying proceeding, Defendants disclosed that they had entered into the Tripartite Agreement, and that they had assigned certain claims to Plaintiff under the agreement. Exhibit A to Consent Motion for Leave to File at 7, *Liberty Ins. Underwriters, Inc. v. Labarre*, No. 2:18-CV-8612-KS-CW (E.D. La. Aug. 8, 2019), ECF No. 160-3.

Defendants argue that these disclosures do not constitute breaches of the agreements because the state-court judge had already publicly disclosed the existence of the Tripartite Agreement. Defendants also argue that Plaintiff "cannot reasonably believe that its assignment of subrogation and contribution claims to the Labarres under the Tripartite Agreement is a fact that would remain a secret." Memorandum

4

in Support of Motion for Abstention at 9, *Liberty Ins. Underwriters, Inc. v. Labarre*, No. 2:18-CV-8612-KS-CW (S.D. Miss. Oct. 29, 2018), ECF No. 19-3.

The confidentiality provisions are quite broad. Beyond the Settlement Agreement's brief reference to coinsurers, they include no carve-outs for matters already disclosed by third parties. That being the case, regardless of the state court's actions or whether Plaintiff's expectation of confidentiality was reasonable, its claim that disclosing the existence and some terms of the agreements constitutes a breach of the confidentiality provisions is not frivolous. Defendants could have insisted on more precise language in the agreements if they wanted to more clearly define the scope of the parties' obligations. Of course, Plaintiff's breach of contract claim may ultimately have no merit, but based on what is currently before the Court it is not frivolous.

Therefore, as Plaintiff asserted a non-frivolous claim for coercive relief, *Colorado River* applies, rather than *Brillhart*. *Barnett*, 561 F.3d at 394-95.

## C. Colorado River *Analysis*

"A *Colorado River* abstention analysis begins with a heavy thumb on the scale in favor of exercising federal jurisdiction, and that presumption is overcome only by 'exceptional circumstances.'" *Aptim Corp. v. McCall*, 888 F.3d 129, 135 (5th Cir. 2018) (quoting *Stewart v. W. Heritage Ins. Co.*, 438 F.3d 488, 491 (5th Cir. 2006)). Despite its "virtually unflagging obligation" to exercise the jurisdiction it has been granted, the Court may "choose to abstain, awaiting the conclusion of state-court proceedings

5

in a parallel case, based on principles of 'wise judicial administration, giving regard to conservation of judicial resources and comprehensive disposition of litigation." *Id.* (quoting *Colorado River*, 424 U.S. at 817).

The Court considers the following factors to determine whether "exceptional circumstances" are present:

> (1) assumption by either court of jurisdiction over a res, (2) relative inconvenience of the forums, (3) avoidance of piecemeal litigation, (4) the order in which jurisdiction was obtained by the concurrent forums, (5) to what extent federal law provides the rules of decision on the merits, and (6) the adequacy of the state proceedings in protecting the rights of the party invoking federal jurisdiction.

*Id.* at 135-36 (quoting *Stewart*, 438 F.3d at 491). These factors are not applied as a "mechanical checklist." *Id.* at 135. Rather, the Court's decision "rests 'on a careful balancing of the important factors as they apply in a given case, with the balance heavily weighted in favor of the exercise of jurisdiction.'" *Id.* (quoting *Moses H. Cone Mem'l Hosp. v. Mercury Const. Corp.*, 460 U.S. 1, 16, 103 S. Ct. 927, 74 L. Ed. 765 (1983)).

1. *Parallel Proceedings*

First, *Colorado River* only applies where a state-court proceeding is parallel to the federal proceeding. *Air Evac EMS, Inc. v. Texas, Dep't of Ins., Div. of Workers' Compensation*, 851 F.3d 507, 520 (5th Cir. 2017). Parallel actions are generally "those involving the same parties and the same issues," but the Court need not apply "in every instance a mincing insistence on precise identity of parties and issues." *African Methodist Episcopal Church v. Lucien*, 756 F.3d 788, 797 (5th Cir. 2014). The Court

6

must "'look both to the named parties and to the substance of the claims asserted' to determine whether the state proceeding would be dispositive of a concurrent federal proceeding." *Air Evac EMS*, 851 F.3d at 520 (quoting *Lucien*, 756 F.3d at 797).

It appears to be undisputed that the state-court case currently involves the same parties that are in this one. Although the Court does not have access to a recent docket sheet or all the filings therein, it also appears to be undisputed that Defendants amended their state-court petition to request a declaratory judgment interpreting and applying the Tripartite Agreement and Settlement Agreement that form the basis of this action. *See* Exhibit A to Consent Motion for Leave to File [160-3], at 7-8. Therefore, the state-court proceeding is parallel to this one.

*2. Assumption of Jurisdiction over a Res*

Defendants concede that the first *Colorado River* factor weighs in favor of exercising the Court's jurisdiction. This is an *in personam* action, and there is no *res*. *Aptim*, 888 F.3d at 136.

*3. Relative Inconvenience of the Forums*

Defendants also concede that the second factor weighs in favor of exercising the Court's jurisdiction. "The relative inconvenience of the forums 'primarily involves the physical proximity of the federal forum to the evidence and witnesses.'" *Id.* (quoting *Evanston Ins. Co. v. Jimco, Inc.*, 844 F.2d 1185, 1191 (5th Cir. 1988)). The question is whether "the 'inconvenience of the federal forum is so great' as to warrant abstention," rather than whether the state court is more convenient. *Id.* (quoting

7

*Evanston*, 844 F.2d at 1192). Defendants acknowledge that this forum is comparably convenient to the state court.

### 4. Avoidance of Piecemeal Litigation

"The pendency of an action in state court does not bar a federal court from considering the same matter." *Stewart*, 438 F.3d at 492. Therefore, "[t]he prevention of duplicative litigation is not a factor to be considered in an abstention determination." *Evanston*, 844 F.2d at 1192. Rather, *Colorado River* was concerned with "*piecemeal* litigation, and the concomitant danger of inconsistent rulings with respect to a piece of property." *Stewart*, 438 F.3d at 492. In this context, "piecemeal" appears to mean – at a minimum – that claims were asserted in the state-court action which would not be addressed in the federal court action, requiring the state-court action to proceed in spite of a federal court ruling that is *res judicata* of the parallel claims. *Id.*

Defendants argue that permitting this case to proceed increases the likelihood of inconsistent rulings between this Court and the state court. However, "*any* time duplicative litigation exists, the possibility of inconsistent judgments also exists. . . . [T]he problem of inconsistent judgments can be obviated through a plea of *res judicata* should one court render judgment before the other." *Kelly Inv., Inc. v. Cont'l Common Corp.*, 315 F.3d 494, 498 (5th Cir. 2002). Like in *Kelly*, neither this Court nor the state court have exercised jurisdiction over a *res*, and the same parties and issues are present in both cases. *Id.* at 498-99. Moreover, Defendants asserted no

8

claim against Plaintiff in the state-court action which will not be addressed here. *See Stewart*, 438 F.3d at 492. Therefore, this litigation is merely duplicative, and this factor weighs against abstention.[1]

5. *The Order in Which Jurisdiction Was Obtained*

This factor "centers more on the progress made in the relative forums, not on the date of initial filing." *Aptim*, 888 F.3d at 137. "If the progress made is just 'jurisdictional posturing' with little progress on the merits, the factor 'weighs against abstention.'" *Id.* (quoting *Black Sea Inv., Ltd v. Untied Heritage Corp.*, 204 F.3d 647, 651 (5th Cir. 2000)).

Although the state-court case was initially filed years before this one, Defendants did not amend their state-court petition to seek a declaratory judgment interpreting and applying the Tripartite Agreement and Settlement Agreement until months after this case was filed. In other words, this Court obtained jurisdiction over the parallel claims before the state court.

The Court is not aware of the current status of the state-court case. Here, though, the parties have already conducted discovery, and a motion for summary judgment is pending. The Fifth Circuit has suggested that "this factor only favors abstention when the federal case has not proceeded past the filing of the complaint." *Stewart*, 438 F.3d at 492-93. This case "has clearly progressed further. For that

---

[1] Even if the Court agreed that there was a danger of piecemeal litigation, it would still exercise jurisdiction over this case because the danger is slight, particularly in light of *Colorado River*'s heavy presumption in favor of exercising jurisdiction.

9

reason, this factor favors federal jurisdiction." *Id.*

   6.   *Federal Law*

As for the fifth factor, "[t]he presence of a federal law issue must always be a major consideration weighing against surrender of jurisdiction, but the presence of state law issues weighs in favor of surrender only in rare circumstances." *Aptim*, 888 F.3d at 138. This case only presents state-law issues, but Defendants have not argued or demonstrated that this case presents the sort of "rare circumstances" that counsel surrender of the Court's jurisdiction. Accordingly, this factor is neutral, at best. *See Black Sea*, 204 F.3d at 651.

   7.   *Adequacy of State-Court Proceedings*

The final factor – the adequacy of the state-court proceedings to protect the rights of the party invoking federal jurisdiction – "can only be neutral or weigh against abstention." *Aptim*, 888 F.3d at 139 (citing *Stewart*, 438 F.3d at 493). This factor is neutral, as neither party has demonstrated that the state court is unable to adequately adjudicate the case.

   8.   *Summary*

In summary, the *Colorado River* factors clearly weigh in favor of retaining jurisdiction over this case. This is an *in personam* action, and there is no *res*. Defendants concede that this forum is no less convenient than state court. Although the cases are duplicative, they do not present a danger of piecemeal litigation, and this Court obtained jurisdiction over the relevant issues before the state court. For

10

these reasons, the Court denies Defendants' motion to abstain.

## D. *Rule 19*

Defendants also argue that Texas Brine is an indispensable party to this litigation, and that the case must be dismissed because of its absence. "Rule 12(b)(7) allows dismissal for failure to join a party under Rule 19." *HS Resources, Inc. v. Wingate*, 327 F.3d 432, 438 (5th Cir. 2003). Rule 19 governs the "required joinder of parties." FED. R. CIV. P. 19. The Court's analysis "entails two inquiries under Rule 19. The court must first determine under Rule 19(a) whether a person should be joined to the lawsuit" as a "required" party. *Wingate*, 327 F.3d at 439. "If joinder is warranted, then the person will be brought into the lawsuit. But if such joinder would destroy the court's jurisdiction, then the court must determine under Rule 19(b) whether to press forward without the person or to dismiss the litigation." *Id.*

Rule 19(a)(1) defines a "required" party as one "who is subject to service of process," and:

(A) in that person's absence, the court cannot accord complete relief among existing parties; or

(B) that person claims an interest relating to the subject of the action and is so situated that disposing of the action in the person's absence may:

(i) as a practical matter impair or impede the person's ability to protect the interest; or

(ii) leave an existing party subject to substantial risk of incurring double, multiple, or otherwise inconsistent obligations because of the interest.

11

FED. R. CIV. P. 19(a)(1).

Texas Brine indisputably has an interest in the outcome of this litigation insofar as it has implications for the terms and viability of the settlement agreement reached among Plaintiff, Defendants, and Texas Brine in the underlying litigation. Although Texas Brine was not a party to the Settlement Agreement, the Settlement Agreement and Tripartite Agreement formed integral parts of a single, complex settlement. Texas Brine, as Plaintiff's insured, has an interest in Plaintiff's settlement of any claims Defendants might have on the subject policy. Therefore, the Court concludes that Texas Brine is a "required" party within the meaning of Rule 19(a).

A "required" person "whose joinder will not deprive the court of subject-matter jurisdiction must be joined as a party . . . ." *Id.* But joinder of a required party is not feasible if it would destroy diversity. *Moss v. Princip*, 913 F.3d 508, 515 (5th Cir. 2019). It is undisputed that Texas Brine is a citizen of Texas, as are some of the Defendants. Plaintiff argues that Defendants have neither demonstrated that Texas Brine's interests are aligned with Plaintiff's, nor that its joinder would necessarily destroy subject-matter jurisdiction.

According to Plaintiff, Defendants are attempting to subvert a settlement agreement which included the settlement of Plaintiff's claims against Texas Brine within the coverage period of the subject policy. According to Plaintiff's theory of the case and interpretation of the contracts, both it and Texas Brine benefit from the

enforcement of the settlement agreement, and if the settlement falls apart now, both Plaintiff and Texas Brine would be thrust back into the state-court litigation of Plaintiff's underlying claims. Therefore, Texas Brine's interests are aligned with Plaintiff's, and if it were joined to this litigation, it would be as a plaintiff, which would destroy diversity.[2]

If "joining a required party is not feasible, . . . the court must determine whether the party is 'merely necessary' to the litigation, or in fact 'indispensable.'" *Id.* (quoting *Provident Tradesmens Bank & Trust Co. v. Patterson*, 390 U.S. 102, 117-19, 88 S. Ct. 733, 19 L. Ed. 2d 936 (1968)). Rule 19(b) provides the relevant analysis:

> If a person who is required to be joined if feasible cannot be joined, the court must determine whether, in equity and good conscience, the action should proceed among the existing parties or should be dismissed. The factors for the court to consider include:
>
> (1) the extent to which a judgment rendered in the person's absence might prejudice that person or the existing parties;
>
> (2) the extent to which any prejudice could be lessened or avoided by:
>
> (A) protective provisions in the judgment;
>
> (B) shaping the relief; or
>
> (C) other measures;
>
> (3) whether a judgment rendered in the person's absence would be adequate; and
>
> (4) whether the plaintiff would have an adequate remedy if the

---

[2] The Court also finds it curious that an insurer who had settled substantial claims against its insured would argue that its interests were not aligned with its insured's in an action to enforce said settlement as purportedly negotiated.

action were dismissed for nonjoinder.

FED. R. CIV. P. 19(b). "[W]hether a particular lawsuit must be dismissed in the absence of a party can only be determined in the context of particular litigation. There is no prescribed formula for determining in every case whether a person is an indispensable party." *Moss*, 913 F.3d at 515 (punctuation omitted).

Rendering a judgment in Texas Brine's absence would be prejudicial. Counts II and III seek declaratory judgments regarding the interpretation and application of the Tripartite Agreement and Settlement Agreement. Counts IV and V seek reformation of the Tripartite Agreement and rescission of the Settlement Agreement. Texas Brine indisputably has an interest in these issues in that the Court's decisions could affect both Defendants' claims against Texas Brine and Plaintiff's obligations to Texas Brine under the subject policy. The parties have not proposed any means by which the Court could lessen or avoid such prejudice, and the Court declines to craft such measures *sua sponte*.

Therefore, the Court could not – as a matter of fundamental fairness – render any judgment regarding the Tripartite Agreement in Texas Brine's absence. Moreover, it would be impracticable for the Court to try and split Plaintiff's claims, addressing only the Settlement Agreement, to which Texas Brine was not a party. Although the Settlement Agreement and Tripartite Agreement are separate contracts, they form integral parts of one whole settlement. Modifying one necessarily has bearing on the other, and it would not be practicable for the Court to partially

address Plaintiff's claims.

Plaintiff also has an adequate remedy if this case is dismissed under Rule 12(b)(7). Defendants raised many of the same issues regarding the Tripartite Agreement in the state-court case. Plaintiff and Texas Brine are defendants in that case. Plaintiff is free to raise these issues in a counterclaim – or file its own separate action, if it wishes – and the state court can adjudicate them.

Finally, Plaintiff argues that even if Texas Brine is a required party with respect to some claims, the Court need not dismiss the entire case. The Court agrees, in principle. However, Counts II, III, IV, and V all have bearing on the settlement agreement, and Texas Brine has a significant interest in any interpretation, enforcement, modification, and/or rescission of any element of that settlement agreement. Even Count I – Plaintiff's breach of contract claim arising from the confidentiality provisions – has implications for Texas Brine's interests, insofar as Texas Brine was also a party to the contract and could assert an identical breach of contract claim. While Plaintiff may not seek to enforce Texas Brine's interest in the confidentiality provisions, the Court's ruling here would undoubtedly have implications for any such claim.

After consideration of the factors provided by Rule 19(b), the Court concludes that it can not "in equity and good conscience" adjudicate Plaintiff's claims without Texas Brine joined as a party to this litigation.

*E.     Conclusion*

For the reasons provided above, the Court **grants** Defendants' Motion to Dismiss [17] pursuant to Rules 12(b)(7) and 19(b). Plaintiffs' claims are dismissed without prejudice. This case is closed.

SO ORDERED AND ADJUDGED this 26th day of August, 2019.

                                                    /s/      Keith Starrett
                                                            KEITH STARRETT
                                      UNITED STATES DISTRICT JUDGE