## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF LOUISIANA

**LIBERTY INSURANCE UNDERWRITERS, INC.**                                    **PLAINTIFF**

v.                                    **CIVIL ACTION NO. 2:18-CV-8612-KS-CW**

**GUSTAVE J. LABARRE, JR.,** *et al.*                                    **DEFENDANTS**

### MEMORANDUM OPINION AND ORDER

For the reasons provided below, the Court **grants** Plaintiff's Motion for Reconsideration [168] of the Court's Memorandum Opinion and Order [167] granting Defendants' Motion to Dismiss [17] under Rule 19.

### I. BACKGROUND

The Court addressed the background of this case in its Memorandum Opinion and Order of August 26, 2019. *Liberty Ins. Underwriters, Inc. v. Labarre*, 2019 WL 4017525, at *1 (E.D. La. Aug. 26, 2019). The Court held, in relevant part, that rendering a judgment in Texas Brine's absence would be prejudicial. The Court also held that it would be impracticable to split Plaintiff's claims because the Settlement Agreement and Tripartite Agreement were integral parts of one whole settlement. Finally, the Court held that Plaintiff had an adequate remedy in the event of dismissal, in that it was free to raise the same arguments in state court. The Court concluded that it could not, in equity and good conscience, adjudicate Plaintiff's claims without Texas Brine joined as a party to the litigation. Plaintiff filed a Motion

for Reconsideration [168] of the Court's order, which the Court now considers.

## II. DISCUSSION

"A motion asking the court to reconsider a prior ruling is evaluated either as a motion . . . under Rule 59(e) or . . . under Rule 60(b). The rule under which the motion is considered is based on when the motion is filed. If the motion is filed within twenty-eight days after the entry of judgment, the motion is treated as though it was filed under Rule 59, and if it was filed outside of that time, it is analyzed under Rule 60." *Demahy v. Schwarz Pharma, Inc.*, 702 F.3d 177, 182 n. 2 (5th Cir. 2012). Plaintiff's Motion for Reconsideration [168] was filed within twenty-eight days of the Court's Memorandum Opinion and Order [167] granting Defendants' Motion to Dismiss [17], and Rule 59(e) applies.

"A Rule 59(e) motion calls into question the correctness of a judgment." *Templet v. Hydrochem, Inc.*, 367 F.3d 473, 478 (5th Cir. 2004). There are three grounds for altering a judgment under Rule 59(e): "(1) an intervening change in controlling law; (2) the availability of new evidence not previously available; or (3) the need to correct a clear error of law or prevent manifest injustice." *In re Benjamin Moore & Co.*, 318 F.3d 626, 629 (5th Cir. 2002). Rule 59(e) motions are "not the proper vehicle for rehashing evidence, legal theories, or arguments that could have been offered or raised before the entry of judgment," *Templet*, 367 F.3d at 478, and they "should not be used to . . . re-urge matters that have already been advanced by a party." *Nationalist Movement v. Town of Jena*, 321 F. App'x 359, 364 (5th Cir. 2009). It is "an

2

extraordinary remedy that should be used sparingly." *Id.*

Plaintiff argues that the Court should reconsider its previous opinion because of new evidence that was previously unavailable. Among other things, Plaintiff presented a declaration from Fred Wolgel, Texas Brine's Vice President and General Counsel, in which Wolgel represented that "Texas Brine has no objection with Liberty proceeding with its claims against the Labarres and their counsel in Texas Brine's absence." Exhibit D to Motion for Reconsideration at 2, *Liberty Ins. Underwriters, Inc. v. Labarre*, No. 2:18-CV-8612-KS-CW (E.D. La. Sept. 17, 2019), ECF No. 168-5. More importantly, Plaintiff presented evidence that on February 19, 2020, the state court entered a judgment in Defendants' favor against Texas Brine. Exhibit A at 13, *Liberty Ins. Underwriters, Inc. v. Labarre*, No. 2:18-CV-8612-KS-CW (E.D. La. Mar. 20, 2020), ECF No. 189-2. Therefore, Plaintiff argues that Texas Brine had a full and fair opportunity to protect its interests in state court, and that it has no interest in the present case because its rights have already been adjudicated. In fact, Plaintiff notes that Texas Brine made no argument on its own behalf in state court and stipulated to the exclusion of its own exhibits. Exhibit F at 36-37, 40, *Liberty Ins. Underwriters, Inc. v. Labarre*, No. 2:18-CV-8612-KS-CW (E.D. La. Mar. 20, 2020), ECF No. 189-2. Plaintiff contends that this demonstrates that neither Defendants nor Texas Brine would be prejudiced by litigating this case without Texas Brine.

In response, Defendants argue that Wolgel's declaration is not "new evidence," in that it was discoverable prior to the Court's previous ruling. Defendants also argue

that a judgment rendered in this case could affect their claims against Texas Brine in the state-court action, and therefore any such judgment would be prejudicial to them. Finally, Defendants argue that all claims in this matter – as to both Texas Brine and Plaintiff – have already been resolved in the state-court case, rendering Plaintiff's motion moot.

"Rule 19 does not contemplate joinder of any party who might possibly be affected by a judgment in any way." *Shelton v. Exxon Corp.*, 843 F.2d 212, 218 (5th Cir. 1988). Rather, the Court should "approach the problem pragmatically." *Fernandes v. Limmer*, 663 F.2d 619, 636 (5th Cir. 1981). If "it is possible to resolve the dispute without adversely affecting the interests of the absent parties, the district court should not dismiss the case." *Id.* Phrased differently, "[a] party is indispensable only if the claims raised cannot be adjudicated without it." *Shelton*, 843 F.2d at 218.

Here, Texas Brine expressly stated that it "has no objection with Liberty proceeding with its claims against the Labarres and their counsel in Texas Brine's absence." Exhibit D [168-5], at 2. The Fifth Circuit has held that similar disinterest on the part of a necessary party strengthened the conclusion that it was not indispensable. *See Fernandes*, 663 F.2d at 636; *Shelton*, 843 F.2d at 217-18. Moreover, Texas Brine has no interest remaining in this case because the parties apparently agree that Defendants' claims against it were already adjudicated in the state-court case. Accordingly, proceeding without Texas Brine would not prejudice Defendants because their claims against it were already adjudicated. For these reasons, the Court

4

grants Plaintiff's Motion for Reconsideration [168].

### III. CONCLUSION

For the reasons provided above, the Court **grants** Plaintiff's Motion for Reconsideration [168] of the Court's Memorandum Opinion and Order [167] granting Defendants' Motion to Dismiss [17] under Rule 19. The case is hereby re-opened.

The Court presently declines to address whether the state court's judgment adjudicates Defendants' claims against Plaintiff in the underlying case and Plaintiff's claims against Defendants in this case. The parties obviously disagree on that dispositive issue, and it has not been adequately briefed or raised in its own motion.

Two other motions were briefed and pending before the Court dismissed the case: Plaintiff's Motion for Partial Summary Judgment [119] and Defendants' Motion to Strike [152]. Those motions remain pending, but the Court anticipates that Defendants will contend that the state-court judgment has bearing on the outcome of Plaintiff's Motion for Partial Summary Judgment [119]. The Court orders Defendants to file a supplemental response to the Motion for Partial Summary Judgment [119] on or before **May 29, 2020**. Plaintiff may then file a supplemental reply on or before **June 5, 2020**.

Finally, Plaintiff filed a Motion for Preliminary Injunction [191] on May 11, 2020. The Court orders Defendants to respond to it on or before **May 29, 2020**. Plaintiff may then file a reply on or before **June 5, 2020**.

SO ORDERED AND ADJUDGED this 14th day of May, 2020.

_____/s/_____Keith Starrett_____
                                KEITH STARRETT
                      UNITED STATES DISTRICT JUDGE