## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF LOUISIANA

**LIBERTY INSURANCE UNDERWRITERS, INC.**                    **PLAINTIFF**

v.                    **CIVIL ACTION NO. 2:18-CV-8612-KS-CW**

**GUSTAVE J. LABARRE, JR.,** *et al.*                    **DEFENDANTS**

### MEMORANDUM OPINION AND ORDER

For the reasons provided below, the Court **denies** Defendants' Motion for Reconsideration [210] and **grants** Plaintiff's Motion to Enter Final Judgment [208].

### I. BACKGROUND

The Court has addressed the background of this case in numerous opinions. *See, e.g. Liberty Ins. Underwriters, Inc. v. Labarre*, 2019 WL 4017525, at *1 (E.D. La. Aug. 26, 2019). On September 9, 2020, the Court entered a Memorandum Opinion and Order [206], in which, among other things, it granted Plaintiff's Motion for Partial Summary Judgment. *See Liberty Ins. Underwriters, Inc. v. Labarre*, 2020 WL 5412654 (E.D. La. Sept. 9, 2020). The Court held that the plain language of the parties' Tripartite Agreement unambiguously provided that Defendants must give Plaintiff the first $5 million they receive from Texas Brine's pre-2012 insurers, regardless of the claims settled, as well as additional sums if the recovery exceeds certain amounts. *Id.* at *4. Although it was not the basis of the Court's opinion, the Court also noted that this plain-language interpretation is consistent with the

parties' behavior. *Id.* Finally, the Court noted that Defendants' desired interpretation would render the Tripartite Agreement superfluous, providing no practical benefit to either party. *Id.*

Defendants filed a Motion for Reconsideration [210] of the Court's opinion, which the Court now considers.

## II. DISCUSSION

"A motion asking the court to reconsider a prior ruling is evaluated either as a motion . . . under Rule 59(e) or . . . under Rule 60(b). The rule under which the motion is considered is based on when the motion is filed. If the motion is filed within twenty-eight days after the entry of judgment, the motion is treated as though it was filed under Rule 59, and if it was filed outside of that time, it is analyzed under Rule 60." *Demahy v. Schwarz Pharma, Inc.*, 702 F.3d 177, 182 n. 2 (5th Cir. 2012). Plaintiff's Motion for Reconsideration [210] was filed within twenty-eight days of the Court's Memorandum Opinion and Order [206], and Rule 59(e) applies.

"A Rule 59(e) motion calls into question the correctness of a judgment." *Templet v. Hydrochem, Inc.*, 367 F.3d 473, 478 (5th Cir. 2004). There are three grounds for altering a judgment under Rule 59(e): "(1) an intervening change in controlling law; (2) the availability of new evidence not previously available; or (3) the need to correct a clear error of law or prevent manifest injustice." *In re Benjamin Moore & Co.*, 318 F.3d 626, 629 (5th Cir. 2002). Rule 59(e) motions are "not the proper vehicle for rehashing evidence, legal theories, or arguments that could have been offered or

raised before the entry of judgment," *Templet*, 367 F.3d at 478, and they "should not be used to . . . re-urge matters that have already been advanced by a party." *Nationalist Movement v. Town of Jena*, 321 F. App'x 359, 364 (5th Cir. 2009). It is "an extraordinary remedy that should be used sparingly." *Id.*

First, Defendants argue that the Court erred by relying on extrinsic evidence in interpreting the subject agreement. Defendants are mistaken. The Court's decision was based on the plain language of the Tripartite Agreement. The Court merely noted that the parties' behavior was consistent with the language of their contract.

Second, Defendants argue that the Court erred by not reading the contract's separate provisions *in pari materia*. Defendants contend that although the Tripartite Agreement does not employ the terms "Subsidence Claims" or "Assigned Claims," "it is abundantly clear that the *only* assigned claims referred to in the Tripartite Agreement or its Addendum are the claims assigned by LIUI to Defendants."

The Court simply disagrees with Defendants on this point. The contract says what it says, and it is undisputed that it contains no explicit or implied distinction between "Subsidence Claims" and "Assigned Claims," as Defendants urged in briefing. Indeed, Defendants have not offered anything in support of this argument beyond their own *ipse dixit* in briefing. They have not directed the Court to any language in the Tripartite Agreement indicating that the Court's interpretation of the following words should vary from their plain meaning: "[Defendants] will remit the first $5 million received from AIG, Zurich, related entities and/or other pre-2012

insurers to [Plaintiff] within seven days of receipt." The introductory paragraph's statement that the parties "enter into the following agreement regarding assignment of LIUI's rights" has no hidden meaning that conjures up two separate categories of claims held by the Defendants. Rather, it simply acknowledges what the plain language of the agreement says: Plaintiff assigned some claims to Defendants in exchange for the first $5 million they receive from the pre-2012 insurers.

### III. CONCLUSION

In summary, Defendants are trying to stretch plain, unambiguous contract terms well past any reasonable interpretation. The Court's decision was not based on extrinsic evidence, but, rather, the Tripartite Agreement's plain terms. The Court **denies** Defendants' Motion for Reconsideration [210].

Plaintiff filed a Motion to Enter Final Judgment [208] pursuant to Rule 54(b). Plaintiff wants the Court to enter a partial Final Judgment as to Counts II, IV, and V of the Complaint. Rule 54(b) provides: "When an action presents more than one claim for relief . . . the court may direct entry of a final judgment as to one or more, but fewer than all, claims or parties only if the court expressly determines that there is no just reason for delay." FED. R. CIV. P. 54(b). This Court has discretion to certify a judgment as final under Rule 54(b), but the Court "should grant certification only when there exists some danger of hardship or injustice through delay which would be alleviated by immediate appeal; it should not be entered routinely as a courtesy to counsel." *PYCA Indus., Inc. v. Harrison County Waste Water Mgmt. Dist.*, 81 F.3d

1412, 1421 (5th Cir. 1996). The Court should "weigh the inconvenience and costs of piecemeal review on the one hand and the danger of denying justice by delay on the other." *Road Sprinkler Fitters Local Union v. Cont'l Sprinkler Co.*, 967 F.2d 145, 148 (5th Cir. 1992).

The Court believes that there is no just reason to delay entry of a final judgment with respect to its ruling on the interpretation of the Tripartite Agreement. The interpretation of the parties' contract is the central issue in this litigation, and the Court suspects that once that issue is finally resolved, the rest of the case will follow suit relatively quickly. In their briefing on the question of abstention, Defendants argued that this case was nothing more than a declaratory judgment action masked as a suit for coercive relief. Indeed, both parties have been racing to get a ruling on the issue in their desired court – Plaintiff here, and Defendants in state court. The Court is unaware of the current status of the state court litigation, but it's obvious from Defendants' course of action throughout this litigation that they desired to obtain a judgment there before this Court could rule on the parties' central contract interpretation dispute.

Therefore, the Court concludes that there is no just reason to delay an entry of final judgment as to the claims addressed in the Court's Memorandum Opinion and Order [206] of September 9, 2020. The Court **grants** Plaintiff's Motion [208] for entry of a final judgment pursuant to Rule 54(b). This order shall be deemed a final judgment under Rule 54(b) as to the claims addressed in the Court's earlier opinion

[206].

SO ORDERED AND ADJUDGED this 3rd day of December, 2020.

/s/      Keith Starrett
_____
KEITH STARRETT
UNITED STATES DISTRICT JUDGE
