IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF LOUISIANA

**LIBERTY INSURANCE UNDERWRITERS,
INC.**                                                                                           **PLAINTIFF**

v.                                     CIVIL ACTION NO. 2:18-CV-8612-KS-CW

**GUSTAVE J. LABARRE, JR.,** *et al.*                               **DEFENDANTS**

### MEMORANDUM OPINION AND ORDER

For the reasons provided below, the Court **denies** Defendants' Motion for Partial Summary Judgment [229] and **grants in part and denies in part** Plaintiff's Motion for Monetary Relief Under 28 U.S.C. § 2202 [239].

### I. BACKGROUND

This Court has previously addressed the background of this case. *See Liberty Ins. Underwriters, Inc. v. Labarre*, 2020 WL 5412654, at *1 (E.D. La. Sept. 9, 2020); *Liberty Ins. Underwriters, Inc. v. Labarre*, 2019 WL 4017525, at *1 (E.D. La. Aug. 26, 2019). The Court held that the plain language of the parties' Tripartite Agreement unambiguously provided that Defendants must give Plaintiff the first $5 million they receive from Texas Brine's pre-2012 insurers, regardless of the claims settled, as well as additional sums if the recovery exceeds certain amounts. *Labarre*, 2020 WL 5412654 at *4. The Court of Appeals affirmed this Court's decision. *Liberty Ins. Underwriters, Inc. v. Labarre*, 2021 WL 5174358 (5th Cir. Nov. 5, 2021). Defendants have now filed a Motion for Partial Summary Judgment [229], and Plaintiff filed a

Motion for Monetary Relief Under 28 U.S.C. § 2202.

## II. MOTION FOR PARTIAL SUMMARY JUDGMENT [229]

Rule 56 provides that "[t]he court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(a); *see also Sierra Club, Inc. v. Sandy Creek Energy Assocs., L.P.*, 627 F.3d 134, 138 (5th Cir. 2010). "Where the burden of production at trial ultimately rests on the nonmovant, the movant must merely demonstrate an absence of evidentiary support in the record for the nonmovant's case." *Cuadra v. Houston Indep. Sch. Dist.*, 626 F.3d 808, 812 (5th Cir. 2010) (punctuation omitted). The nonmovant "must come forward with specific facts showing that there is a genuine issue for trial." *Id.* "An issue is material if its resolution could affect the outcome of the action." *Sierra Club*, 627 F.3d at 138. "An issue is 'genuine' if the evidence is sufficient for a reasonable jury to return a verdict for the nonmoving party." *Cuadra*, 626 F.3d at 812.

The Court is not permitted to make credibility determinations or weigh the evidence. *Deville v. Marcantel*, 567 F.3d 156, 164 (5th Cir. 2009). When deciding whether a genuine fact issue exists, "the court must view the facts and the inference to be drawn therefrom in the light most favorable to the nonmoving party." *Sierra Club*, 627 F.3d at 138. However, "[c]onclusional allegations and denials, speculation, improbable inferences, unsubstantiated assertions, and legalistic argumentation do not adequately substitute for specific facts showing a genuine issue for trial." *Oliver*

2

*v. Scott*, 276 F.3d 736, 744 (5th Cir. 2002).

Defendants seek summary judgment as to the claims asserted in Count III of the Complaint. In Count III, Plaintiff contends that Defendants' counsel have a professional duty to safeguard settlement funds received from Texas Brine's pre-2012 insurers which are owed to Plaintiff under the Settlement Agreement and Tripartite Agreement, notify Plaintiff when such funds are received, and promptly deliver such funds to Plaintiff. Complaint [1], at 19-20. Accordingly, Plaintiff seeks a declaratory judgment that Louisiana's Rules of Professional Conduct require Defendants' counsel to perform such duties, an injunction requiring Defendants' counsel to do so, and an accounting of all funds obtained from Texas Brine's pre-2012 insurers, where such funds are being held, and to whom such funds have been distributed.

Defendants argue that Count III is moot. In support of this argument, Defendants presented an affidavit from one of their attorneys, Mr. John H. Carmouche. Exhibit A [229-4]. He represented that his firm delivered a check for $5,000,000.00 to Plaintiff's counsel on December 10, 2020, in satisfaction of the Court's interpretation of the Settlement Agreement and Tripartite Agreement. *Id.* According to Mr. Carmouche, "[t]he total and anticipated amount recovered by the Labarres from Texas Brine's pre-2012 insurers does not equal or exceed $21,500,000.00," the threshold to trigger a second payment to Plaintiff. *Id.* at 3. Mr. Carmouche further represented that all funds received from two of Texas Brine's pre-2012 insurers were deposited into his firm's IOLTA account, and no other funds have

3

been received from any other pre-2012 insurer. *Id.* Carmouche claims that his firm has not distributed any funds to Defendants, and that he is not "aware of any agreement of any nature that provides for payment to the Labarres, now or in the future, which would result in the Labarres recovering from Texas Brine's pre-2012 insurers an amount equal to or greater than $21,500,000.00." *Id.*

In response, Plaintiff first argues that the Court should defer or deny the motion pursuant to Rule 56(d) because Defendants have not provided responses to discovery requests about the payments received from Texas Brine's pre-2012 insurers. Indeed, the Magistrate Judge granted a motion to compel "production of Defendants' settlement documents with all pre-2012 insurers and any communications and other documents relative to Defendants' settlement with all pre-2012 insurers, including those documents relative to Texas Brine." Memorandum Ruling and Order [234], at 6. The Court is unaware if such documents have been produced yet.

Rule 56(d) provides: "If a nonmovant shows by affidavit or declaration that, for specified reasons, it cannot present facts essential to justify its opposition, the court may: (1) defer considering the motion or deny it; (2) allow time to obtain affidavits or declarations or to take discovery; or (3) issue any other appropriate order." FED. R. CIV. P. 56(d). Rule 56(d) motions are "broadly favored and should be liberally granted." *Culwell v. City of Fort Worth*, 468 F.3d 868, 871 (5th Cir. 2006). "[C]ontinuance of a motion for summary judgment for purposes of discovery should

4

be granted almost as a matter of course," but "the party seeking additional discovery must first demonstrate how that discovery will create a genuine issue of material fact." *Six Flags, Inc. v. Westchester Surplus Lines Ins. Co.*, 565 F.3d 948, 963 (5th Cir. 2009). They must "set forth a plausible basis for believing that specified facts, susceptible of collection within a reasonable time frame, probably exist and indicate how the emergent facts, if adduced, will influence the outcome of the pending summary judgment motion." *Prospect Capital Corp. v. Mutual of Omaha Bank*, 819 F.3d 754, 757 (5th Cir. 2016).

According to the Magistrate Judge, Defendants admitted that they were continuing to seek settlements from additional pre-2012 insurers. Memorandum Ruling and Order [234], at 4. Therefore, this case is not moot, as Defendants continue to seek additional funds. *See Pool v. City of Houston*, 978 F.3d 307, 313 (5th Cir. 2020) (defining mootness). Regardless, Plaintiff is not obligated to rely on opposing counsel's representations as to the funds received from Texas Brine's pre-2012 insurers up to this point, and it is entitled to conduct discovery on the issue, as acknowledged by the Magistrate Judge. For these reasons, the Court presently **denies** Defendants' Motion for Partial Summary Judgment [229].

### III. MOTION FOR MONETARY RELIEF UNDER 28 U.S.C. § 2202 [239]

Plaintiff filed a Motion for Monetary Relief Under 28 U.S.C. § 2202 [239]. Plaintiff contends that Defendants were required, by the terms of the Tripartite Agreement, to pay it the first $5,000,000.00 received from Texas Brine's pre-2012

5

insurers "within seven days of receipt." *See* Exhibit B to Motion for Partial Summary Judgment [119-2], at 7. Defendants received the first funds from Texas Brine's pre-2012 insurers on June 29, 2020, but Defendants did not remit payment to Plaintiff until December 10, 2020. Accordingly, Plaintiff argues that the Court should award it prejudgment interest at the rate prescribed by Louisiana law and postjudgment interest at the rate prescribed by federal law.

Section 2202 provides: "Further necessary or proper relief based on a declaratory judgment or decree may be granted, after reasonable notice and hearing, against any adverse party whose rights have been determined by such judgment." 28 U.S.C. § 2202. Under this statute, the prevailing party in a declaratory judgment action "may seek further relief in the form of damages or an injunction," *United Teacher Assoc's Ins. Co. v. Union Labor Life Ins. Co.*, 414 F.3d 558, 570 (5th Cir. 2005), including prejudgment interest. *Nat'l Fire Ins. Co. of Hartford v. Bd. of Public Instruction of Madison County, Fla.*, 239 F.2d 370, 376 (5th Cir. 1956).

"In diversity cases, issues of prejudgment interest are governed by state law." *Amoco Prod. Co. v. Tex. Meridian Resources Exploration Inc.*, 180 F.3d 664, 673 (5th Cir. 1999). Under Louisiana contract law, "[w]hen the object of the performance is a sum of money, damages for delay in performance are measured by the interest on that sum from the time it is due, at the rate agreed by the parties or, in the absence of the agreement, at the rate of legal interest as fixed by R.S. 9:3500." LA. CIV. CODE ANN. art. 2000; *see also Concise Oil & Gas P'ship v. La. Intrastate Gas Corp.*, 986 F.2d

6

1463, 1472 (5th Cir. 1993). However, parties may stipulate to waive interest. *See McFarland v. Budget Rent A Car*, 544 So. 2d 1185, 1187 (La. Ct. App. 1989).

On June 2, 2020, the Court entered a Partial Consent Judgment, which provided, among other things, that Defendants' counsel would "hold and safeguard" any funds received from Texas Brine's pre-2012 insurers in their IOLTA account "until the Court authorizes the Settlement Funds to be released and distributed in accordance with its final judgment adjudicating Liberty's claimed interest in the Settlement Funds on the merits (subject to rights of appeal), or a final settlement agreement is reached among the parties." Partial Consent Judgment [198], at 1-2. Later, the Court deemed its Memorandum Opinion and Order [215] of December 3, 2020, to be a final judgment pursuant to Rule 54(b). *Liberty Ins. Underwriters, Inc. v. Labarre*, 2020 WL 7082657, at *2-*3 (S.D. Miss. Dec. 3, 2020).

Therefore, at the time that Defendants received the funds from Texas Brine's pre-2012 insurers – June 29, 2020 – the parties had agreed that Defendants' counsel would hold the funds until the Court entered a final judgment or the parties settled the case. The Court entered a final judgment as to the interpretation of the Settlement Agreement and Tripartite Agreement on December 3, 2020, and Defendants remitted $5,000,000.00 to Plaintiff on December 10, 2020. The record also includes evidence that Defendants attempted to remit payment earlier than December 10, 2020, but the payment was delayed by the parties' attorneys arguing over the method of payment. *See* Exhibit A to Reply [243-2]. Accordingly, the Court

7

declines to award prejudgment interest.

"Federal law governs postjudgment interest in federal cases, including diversity cases." *Tricon Energy Ltd. v. Vinmar Int'l, Ltd.*, 718 F.3d 448, 456 (5th Cir. 2013). "Postjudgment interest is not discretionary but 'shall be calculated from the date of the entry of the judgment, at a rate equal to the weekly average 1-year constant maturity Treasury yield.'" *Id.* (quoting 28 U.S.C. § 1961(a)). Accordingly, the Court will award postjudgment interest at the rate prescribed by 28 U.S.C. § 1961(a), running from December 3, 2020, to December 10, 2020.

## IV. CONCLUSION

For these reasons, the Court **denies** Defendants' Motion for Partial Summary Judgment [229]. The Court also **grants in part and denies in part** Plaintiff's Motion for Monetary Relief Under 28 U.S.C. § 2202 [239]. The Court **denies** the motion with respect to Plaintiff's request for prejudgment interest, as Plaintiff explicitly agreed that Defendants' counsel would hold the funds until the Court entered a final judgment or the parties settled the case. The Court **grants** the motion with respect to Plaintiff's request for postjudgment interest at the rate prescribed by 28 U.S.C. § 1961(a), running from December 3, 2020, to December 10, 2020.

SO ORDERED AND ADJUDGED this 27th day of June, 2022.

/s/    Keith Starrett
KEITH STARRETT
UNITED STATES DISTRICT JUDGE